**Anastasi Nomination**

*Herbert Salus,* for petitioner.
*James Martin,* for respondent.

GREENBERG, J., October 1, 1969.—We have before us the petition of William J. Devlin and William Cottrell to set aside the nomination papers of Frank Anastasi as candidate for councilman for the First Councilmanic District of Philadelphia in a special election to be held on November 4, 1969, to fill a vacancy in said office. Mr. Anastasi, respondent herein, has also filed a motion to dismiss said petition, primarily upon the ground that neither of the petitioners has standing to object to respondent's papers. Testimony was taken and argument heard both upon the petition and on the motion to dismiss, and, upon consideration, we have made the following findings.

Preliminarily, all parties agreed that, pursuant to the requirements of section 951 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2911, the signatures of at least 602 qualified electors must appear on the respondent's nomination papers to render them valid.

In his motion to dismiss, respondent has alleged that neither of petitioners is a resident of the First Councilmanic District and, therefore, that neither has standing to object to respondent's nomination papers. In view of our ruling on the status of petitioner Cottrell we need make no ruling on respondent's motion as to petitioner Devlin. We find that petitioner Cottrell did have standing to file objections to the papers in question.

All parties herein stipulated at the hearing on this matter that petitioner Cottrell was a properly registered voter in the First Councilmanic District of Philadelphia. This, we believe, is conclusive proof that Cottrell was a qualified elector, and, therefore, determinative of his standing to object to the filing of nomination papers for public office. Respondent has averred that although registered to vote in the first district, Cottrell was not a resident of that district

and, therefore, should be disqualified from raising said objections. In support of this allegation, respondent has cited the case of Stabile Registration Case, 348 Pa. 587, 36 A. 2d 451, as being dispositive of this issue. While we agree with the holding in that case, we have found it to be clearly distinguishable from the case at bar. The Stabile case involved a direct attack upon the registration of a voter before the registration commission. In contrast, respondent here is attempting to attack Cottrell's registration in a collateral proceeding, and this the law will not allow. If respondent desires to question the status of Mr. Cottrell as a qualified elector, the proper method of doing it is by a proceeding to invalidate his registration as a voter and not before the court in this collateral proceeding.

Petitioners have objected to respondent's failure to comply with the statutory requirements regarding the appellation which must appear on the nomination papers. Section 952 of the Pennsylvania Election Code, 25 PS §2912, explicitly states that "All nomination papers shall specify . . . (a) The name or appellation of the political body which the candidates nominated thereby represent. . ." An appellation was not included in the space provided on all but one of respondent's papers, and the one appellation that was included was inscribed at the time of filing, according to the testimony of the respondent himself. Respondent also testified that he had served as an auxiliary committeeman in the Republican Party in the first district for about four or five years. Respondent also stated that he had informed almost 99 percent of those who signed his petition that he was running for councilman as an independent candidate. Aside from the fact that this is difficult of belief, respondent's averment in this regard is merely a self-serving declaration which does not negate the poten-

tial for confusion and deception which is inherent in a petition which lacks a party appellation. For the reasons which are discussed at length in our memorandum and order filed this day in the case of Nick Tumolo, 48 D. & C. 2d 134, we sustain petitioners' objections to the nomination papers in this regard.

Petitioner has also objected to respondent's petitions on the ground that they do not contain a sufficient number of valid and genuine signatures by "qualified electors" both on the ground that signers were not registered to vote and that the signatures were not genuine. These objections are similar to those raised in the Tumolo case, and, therefore, we sustain the objections to the extent indicated in our memorandum filed in that case and adopt the comment therein made in connection with the signatures alleged not to be genuine.

While we do not feel that respondent herein displayed the same degree of careless and negligent disregard for the election law as was revealed in the Tumolo case, he still failed to comply with its dictates in a number of critical aspects. Despite the fact that the laws regarding nominations for candidacy for public office are to be construed liberally, we know of nothing which requires us to extend this policy of the law to aid one who has clearly violated the Pennsylvania Election Code in the manner respondent herein has.

Accordingly, for the reasons and findings recited above, we enter the following order.

## ORDER

And now, to wit, October 1, 1969, the nomination papers of Frank Anastasi as candidate for the office of councilman for the First Councilmanic District of Philadelphia are hereby set aside.